UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2004-2,<br><br>Plaintiff,<br><br>vs.<br><br>TOWNHOUSE SOUTH ASSOCIATION, INC. et al.<br><br>Defendants. | 3:16-cv-00208-RCJ-VPC<br><br>**ORDER** |

This case arises from the foreclosure of a residential property pursuant to a homeowners association lien. Pending before the Court is a Motion to Dismiss (ECF No. 7). For the reasons given herein, the motion is denied.

I.     FACTS AND PROCEDURAL HISTORY

On November 6, 2003, Roongtum Chongolnee purchased a home located at 580 Smithridge Park, Reno, Nevada 89502 ("the Property"). (Compl. ¶¶ 7, 13, ECF No. 1). Chongolnee financed ownership of the property through a loan in the amount of $104,310.00, which was secured by a deed of trust. (*Id.* ¶ 13). At some point, the deed of trust was assigned to Plaintiff The Bank of New York Mellon ("BNY Mellon"). (*Id.* ¶ 14). On February 4, 2013,

1

1  Defendant E. Alan Tiras, P.C. ("Tiras") recorded a Notice of Delinquent Assessment Lien on

2  behalf of Defendant Townhouse South Association, Inc. ("the HOA"). (*Id.* ¶ 15). The Notice

3  stated that the amount due was $1,648.75. (*Id.*).

4      On March 22, 2013, Tiras recorded a Notice of Default and Election to Sell on behalf of

5  the HOA, with an amount of $2,559.17 due. (*Id.* ¶ 16). On July 1, 2013, Tiras recorded a Notice

6  of Trustee's Sale on behalf of the HOA, with an amount of $4,876.59 due. (*Id.* ¶ 17). The sale

7  was scheduled for August 8, 2013. (*Id.*).

8      On July 22, 2013, BNY Mellon requested a ledger identifying the super-priority amount

9  owed to the HOA, but the HOA refused to identify the amount and instead provided the total

10 amount owed. (*Id.* ¶ 24). BNY Mellon calculated the super-priority amount to be $1,980.00 and

11 tendered that amount to Tiras on Augst 6, 2013. (*Id.* ¶ 26). The HOA allegedly refused the

12 tender. (*Id.*). The HOA foreclosed on the Property on August 8, 2013, and a foreclosure deed

13 was recorded on August 15, 2013 in favor of Defendant Thunder Properties, Inc. ("Thunder").

14 (*Id.* ¶ 27). The sale price at foreclosure was $5,421.59. (*Id.*).

15     Plaintiff alleges four causes of action: (1) quiet title/declaratory judgment against all

16 Defendants; (2) violation of Nev. Rev. Stat. § 116.1113 (obligation of good faith) against the

17 HOA and Tiras; (3) wrongful foreclosure against the HOA and Tiras; and (4) preliminary

18 injunction against Thunder. BNY Mellon asserts that the Court has subject-matter jurisdiction

19 over the case under 28 U.S.C. § 1332. Defendants Tiras and Thunder move the Court to dismiss

20 the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure

21 12(b)(1).

22 ///

23 ///

24

## II. LEGAL STANDARDS

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense for lack of subject matter jurisdiction. Additionally, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno–Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a), (a)(1). Under the diversity statute, all Plaintiffs must be diverse from all Defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

## III. ANALYSIS

Defendants move the Court to dismiss the Complaint because diversity of citizenship is not clear on the face of the Complaint. They argue that Plaintiff is "likely" a real estate investment trust and, therefore, under *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) diversity jurisdiction depends on the citizenship of the members or beneficiaries of

the trust rather than on BNY Mellon's citizenship. Defendants assert that dismissal is required because BNY Mellon has not shown that its members are completely diverse from all Defendants.

In *Americold*, the Supreme Court held that for unincorporated entities "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members." *Id.* at 1015 (internal quotations and alterations omitted). It held that Americold "possesses its members' citizenship" because it is not a corporation but a real estate investment trust under Maryland law. *Id.* In respect to trustees, however, the Court reaffirmed the holding in *Navarro Savings Association v. Lee* that "when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." *Id.* at 1016 (citing *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 465 (1980). The Court stated that the *Navarro* rule "coexists" with the rule established in *Americold*. *Id.*

BNY Mellon argues that *Navarro* applies because BNY Mellon is a trustee filing a lawsuit in its name. Defendants argue that *Americold* applies because BNY Mellon is "likely" a real estate investment trust or other unincorporated entity. (Mot., 7). Defendants present no arguments or evidence to cause the Court to question that BNY Mellon is anything other than a trustee of a traditional trust. For instance, unlike in *Americold*, Defendants do not show that BNY Mellon is a real estate investment trust under Nevada law or the law of any other state.

Defendants also argue that *Navarro* does not apply to BNY Mellon because the trust, not BNY Mellon, is the real party in interest to the suit. Under *Navarro*, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." 446 U.S. at 461. The Court held that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to

4

1  hold, manage, and dispose of assets for the benefit of others." *Id.* at 464. However, in *Americold*

2  the Court did not qualify the application of *Navarro* based on the powers or attributes that a

3  trustee possesses; rather, it reaffirmed the simple rule that that "when a trustee files a lawsuit or

4  is sued in her own name, her citizenship is all that matters for diversity." 136 S. Ct. at 1016.

5  Furthermore, even if the Court did need to analyze BNY Mellon's role as trustee, BNY Mellon is

6  more than likely not merely a nominal plaintiff because it has an impact on and a stake in the

7  controversy. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92, (2005) (stating that nominal

8  parties are those that have "no control of, impact on, or stake in the controversy"). BNY Mellon

9  alleges that it has legal title to the trust assets and, if successful, it will be entitled to a significant

10 amount of relief.

11    BNY Mellon is a trustee filing a lawsuit in its own name; thus, "[its] citizenship is all that

12 matters for diversity." *Navarro*, 136 S. Ct. at 1016. Other district courts have concluded that for

13 national banks that are trustees of trusts involving asset-backed securities the citizenship of the

14 bank is what matters. *See Wells Fargo Bank NA v. Breakwater Equity Partners LLC*, No. CV-13-

15 01475-PHX-DGC, 2014 WL 1515135, at *2 (D. Ariz. Apr. 17, 2014); *Wilmington Trust, Nat.*

16 *Ass'n v. Rob*, No. 1-15-CV-552 RP, 2015 WL 7076637, at *3 (W.D. Tex. Nov. 12, 2015); *Rivas*

17 *v. U.S. Bank Nat. Ass'n*, No. CIV.A. H-14-3246, 2015 WL 3613653, at *1 (S.D. Tex. June 9,

18 2015).

19    BNY Mellon asserts that it is a New York corporation with its principal office in New

20 York, (*see* Compl. ¶ 1, ECF No. 1); thus, for purposes of diversity jurisdiction it is a citizen of

21 New York, *see* 28 U.S.C. § 1348. Defendants do not contest BNY Mellon's allegation that they

22 are citizens of Nevada. As a result, the parties are diverse and the Court has jurisdiction over the

23 case. The motion to dismiss is denied.

24

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge